IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VINCENT VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:04 cv 310 DRH |
| | ) | |
| ALFONSO C. DAVID, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to the Magistrate Judge by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the defendant, Alfonso C. David, on December 27, 2004 (Doc. 12). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED** and that the court adopt the following findings of fact and conclusions of law:

Findings of Fact

The plaintiff, Vincent Vega, filed a complaint on May 7, 2004 while he was incarcerated at the Shawnee Correctional Center. He alleges that the defendant, Dr. Alfonso C. David, was deliberately indifferent to a serious medical need when Dr. David failed to provide medical assistance after Vega was injured from lifting wet mattresses. Vega alleges that while awaiting trial, he had worked out at the jail and believed that he may have pulled a muscle. Later that night, after it had rained, his mattress became wet and he was forced to search through fifty wet mattresses in order to find a dry one. As a result, he suffered back pain and pulled muscles. He further alleges that he was refused medical assistance and now suffers from a painful hernia. The complaint does not disclose exactly when these events took place. Vega was released from

custody on May 19, 2004.

## Conclusions of Law

Vega has failed to respond to this motion. Pursuant to Local Rule 7.1(c) the failure to respond may, in this court's discretion, be considered an admission of the merits of the motion. In this particular case, the defendant argues that the complaint must be dismissed because the plaintiff failed to exhaust administrative procedures.

The defendants are seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004) (discussing a Rule 12(b)(1) motion to dismiss); Jet, Inc. V. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule 12(b)(6) motion to dismiss). A complaint can only be dismissed if "there is no possible interpretation of the complaint under which it can state a claim." Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004).

Despite the liberal pleading requirements of Federal Rule of Civil Procedure 8(a), the plaintiff's complaint must be read in light of the Prison Litigation Reform Act of 1996. The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).

Thus, exhausting available administrative remedies is a precondition of suit. Dale v. Lappin, 376

F.3d 652, 655 (7th Cir. 2004); See also Witzke v. Femal, 376 F.3d 744, 749-750 (7th Cir. 2004); Perez v. Wis. Dept. of Corr., 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). "The statute can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit." Perez, 182 F.3d at 536. The statute gives the defendants the benefit of not having to defend this suit on the merits if the plaintiff failed to exhaust his administrative remedies.

As a state prison inmate, the procedures that Vega should have followed are contained in Title 20 of the Illinois Administrative Code at sections 504.800 through 504.870. The code first provides for informal resolution of the problem through a Counselor. ILL. ADMIN. CODE tit. 20, §504.810(a) (2005). The inmate then may file a written grievance which is dealt with by a Grievance Officer on a weekly basis. Id. at §504.810(b). The Grievance Officer then either denies the grievance and returns the documents to the inmate or submits the grievance for investigation and reports findings to the Chief Administrative Officer. Id. at §504.830. The Chief Administrative Officer is to provide a response within 2 months of the filing of the grievance. Id. at 504.830(d). If the issue is not resolved to the inmates satisfaction, it may then be appealed to the Director. Id. at 504.850.

In his complaint, Vega states that he obtained a grievance form from his counselor, filed a grievance, but did not receive a response. (See Complaint at p. 3) He goes on to state that he is writing to the Administrative Review Board "to expedite the process." (Complaint at p. 3) The defendant equates this scenario to the failure to exhaust administrative procedures. As all well-pleaded factual allegations in the complaint are taken as true, this court can only conclude

that the grievance review process was not completed because the jail failed to respond to Vega's grievance.  The purpose of the PLRA's exhaustion requirement is "to permit the correctional facilities to address the problem before responding to litigation."  Witzke, 376 F.3d at 753.  If the prison *itself* failed to follow through with its own grievance procedure, it is hardly fair to then conclude that Vega's claim should fail because *he* did nothing more than file a grievance.  The code provides that an inmate may file a grievance and that further procedures will be initiated when the Grievance Officer or the Chief Administrative Officer responds to the grievance by denying or granting it.  If the prison fails to follow through with its own procedures, this court will not require the inmate to do anything further and will not find that Vega failed to exhaust the administrative procedures.  See Jones v. Detella, 12 F.Supp.2d 824, 826 (N.D. Ill. 1998).   The defendant has cited to no code section that would mandate that Vega do anything after filing a grievance in order to exhaust administrative procedures when he receives no response from the prison and when the time for response has passed.  Based on the allegations in the complaint, this court can only find that jail failed to take advantage of the administrative procedures and failed to address the problem before suit was filed.

For the foregoing reasons, it is the **RECOMMENDATION** of this court that the Motion to Dismiss filed by the defendant on December 27, 2004 be **DENIED** (Doc. 12) and that the court adopt the preceding findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after issuance of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before

either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 23, 2005.**

>                             **s/ Donald G. Wilkerson**
>                             **DONALD G. WILKERSON**
>                             **United States Magistrate Judge**